IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EARNEST COX,

    Petitioner,                         No. 2:10-cv-0793 KJN P

    vs.

G. SWARTHOUT, Warden,            ORDER and

    Respondent.                  FINDINGS AND RECOMMENDATIONS

                                      /

        Petitioner is a state prisoner proceeding without counsel with a petition for writ of habeas corpus filed April 5, 2010, pursuant to 28 U.S.C. § 2254. Petitioner contends, inter alia, that the December 2008 decision of the Board of Parole Hearings denying petitioner parole was not supported by "some evidence," and thus that the state court rulings upholding that decision were wrongly decided. Pending before the court is respondent's motion, filed June 24, 2010, to dismiss the petition pursuant to Rule 4 of the Rules Governing § 2254 Cases, on the ground that petitioner has failed to state a cognizable claim for federal habeas relief. Petitioner has opposed the motion, and respondent has filed a reply. For the reasons set forth below, the court recommends that respondent's motion to dismiss be denied, and that respondent be required to file an answer to the petition.

////

1

II. <u>Standards</u>

Respondent moves to dismiss the petition as facially defective on the ground that it fails to state a federally cognizable claim for habeas relief. The court reviews this motion pursuant to its authority under Rule 4 of the Rules Governing Section 2254 Cases. Rule 4 allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4, Rules Governing Section 2254 Cases; <u>see also</u> <u>White v. Lewis</u>, 874 F.2d 599, 602-03 (9th Cir. 1989) (meritorious motions to dismiss permitted under Rule 4); <u>Gutierrez v. Griggs</u>, 695 F.2d 1195, 1198 (9th Cir. 1983) (Rule 4 "explicitly allows a district court to dismiss summarily the petition on the merits when no claim for relief is stated"); <u>Vargas v. Adler</u>, 2010 WL 703211, at *2 (E.D. Cal. 2010) (granting motion to dismiss a habeas claim for failure to state a cognizable federal claim). Moreover, the Advisory Committee Notes to Rule 8 of the Rules Governing Section 2254 Cases indicates that the court may dismiss a petition for writ of habeas corpus on its own motion under Rule 4, pursuant to the respondents' motion to dismiss, or after an answer to the petition has been filed. <u>See</u>, e.g., <u>Miles v. Schwarzenegger</u>, 2008 WL 3244143, at *1 (E.D. Cal. Aug. 7, 2008) (dismissing habeas petition pursuant to respondent's motion to dismiss for failure to state a claim). However, a petition for writ of habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. <u>Jarvis v. Nelson</u>, 440 F.2d 13, 14 (9th Cir. 1971).

III. <u>Analysis</u>

Respondent contends that petitioner's "some evidence" challenge to the 2008 decision of the Board of Parole Hearings ("Board") denying petitioner parole,[1] rests only on a state law challenge, and is therefore not cognizable in federal court under the Antiterrorism and

---

[1] Although petitioner raises additional grounds for relief in his petition, respondent did not address them in the motion to dismiss. Because the court recommends that respondent's motion be denied, and that respondent be required to file a complete answer to the petition, the court need not reach petitioner's additional claims at this time.

2

Effective Death Penalty Act of 1996 ("AEDPA").  More specifically, respondent contends that petitioner has failed "to establish that any Supreme Court precedent holds that the federal Due Process Clause requires that discretionary parole decisions be supported by 'some evidence.'" Reply, at 2.  Respondent argues that the Ninth Circuit Court of Appeals decisions in Hayward v. Marshall, 603 F.3d 546 (9th Cir. 2010), Pearson v. Muntz, 606 F.3d 606, 610-11 (9th Cir. 2010), and Cooke v. Solis, 606 F.3d 1206, 1213 (9th Cir. 2010), are of "'no moment' in this matter" (id. at 3), because they fail to reflect "clearly established" Supreme Court authority that California's "some-evidence" standard implicates federal due process.

This argument has been presented and rejected at least three times in this district. See Wade v. Harley, 2010 WL 2941207, *2-3 (E.D. Cal. July 23, 2010) (framed by respondent as a "failure to exhaust"); Fucci v. Clark, 2010 WL 2650664, *1-2 (E.D. Cal. July 1, 2010) (framed, as in the present case, as a "failure to state a cognizable claim"); Olemedo v. Hartley, 2010 WL 2572977, *1-2 (E.D. Cal. June 22, 2010) (framed as a "failure to state a cognizable claim").

The Due Process Clause of the Fourteenth Amendment to the United States Constitution prohibits state action that "deprive[s] a person of life, liberty or property without due process of law." U.S. Const. amend. XIV, § 2.  A person alleging a due process violation must demonstrate that he or she was deprived of a protected liberty or property interest, and then show that the procedures attendant upon the deprivation were not constitutionally sufficient. Kentucky Dep't. of Corrs. v. Thompson, 490 U.S. 454, 459-60 (1989); McQuillion v. Duncan, 306 F.3d 895, 900 (9th Cir. 2002).  A protected liberty interest may arise from either the Due Process Clause itself or from state laws.  Board of Pardons v. Allen, 482 U.S. 369, 373 (1987). In the context of parole, the United States Constitution does not, in and of itself, create a protected liberty interest in the receipt of a parole date, even one that has been set.  Jago v. Van Curen, 454 U.S. 14, 17-21 (1981).  However, when a state's statutory parole scheme uses mandatory language, it "'creates a presumption that parole release will be granted' when or unless certain designated findings are made, thereby giving rise to a constitutional liberty

3

interest." McQuillion, 306 F.3d at 901 (quoting Greenholtz v. Inmates of Neb. Penal, 442 U.S. 1, 12 (1979)).

Under California law, prisoners serving indeterminate prison sentences "may serve up to life in prison, but they become eligible for parole consideration after serving minimum terms of confinement." In re Dannenberg, 34 Cal. 4th 1061, 1078 (2005). California state prisoners who have been sentenced to prison with the possibility of parole have a clearly established, constitutionally protected liberty interest in receipt of a parole release date. Allen, 482 U.S. at 377-78 (quoting Greenholtz, 442 U.S. at 12); McQuillion, 306 F.3d at 903.

In the context of parole proceedings, it is well established that inmates are not guaranteed the "full panoply of rights" afforded to criminal defendants under the Due Process Clause. See Pedro v. Or. Parole Bd., 825 F.2d 1396, 1398-99 (9th Cir. 1987). Nonetheless, inmates are afforded limited procedural protections. The Supreme Court has held that a parole board's procedures are constitutionally adequate so long as the inmate is given an opportunity to be heard and a decision informing him of the reasons he did not qualify for parole. Hayward v. Marshall, supra, 603 F.3d at 560 (citing Greenholtz, 442 U.S. at 16). As a matter of state constitutional law, denial of parole to California inmates must be supported by "some evidence" demonstrating future dangerousness. Hayward, 603 F.3d at 562 (citing In re Rosenkantz, 29 Cal. 4th 616 (2002)); see also In re Lawrence, 44 Cal. 4th 1181, 1191 (2008) (recognizing the denial of parole must be supported by "some evidence" that an inmate "poses a current risk to public safety"); In re Shaputis, 44 Cal. 4th 1241, 1254 (2008) (same).[2] "California's 'some evidence' requirement is a component of the liberty interest created by the parole system of [the] state,"

---

[2] When assessing whether a state parole board's suitability decision is supported by "some evidence," the "analysis is shaped by the state regulatory, statutory, and constitutional law that governs parole suitability determinations in California. See Hayward, 603 F.3d at 561-62. California law requires the Board to grant an eligible inmate a parole date "unless the Board determines that 'consideration of the public safety requires a more lengthy period of incarceration for this individual.' Cal. Penal Code § 3041(b)." Pirtle v. California Board of Prison Terms, 611 F.3d 1015, 1020 (9th Cir. 2010).

4

Cooke v. Solis, 606 F.3d at 1213, and compliance with this evidentiary standard is, therefore, mandated by the federal Due Process Clause, Pearson v. Muntz, 606 F.3d at 611. Thus, a federal court undertaking review of a "California judicial decision approving the . . . decision rejecting parole" must determine whether the state court's decision "was an 'unreasonable application' of the California 'some evidence' requirement, or was 'based on an unreasonable determination of the facts in light of the evidence.'" Hayward, 603 F.3d at 562-63 (quoting 28 U.S.C. § 2254(d)(2)).

Application of these principles demonstrates the lack of merit to respondent's argument, as has been ably set forth in this district by Magistrate Judges Dennis L. Beck and Sandra M. Snyder, viz.:

> In Hayward v. Marshall, issued prior to the filing of the instant motion to dismiss, the Ninth Circuit specifically found that although there is no independent right to parole under the United States Constitution, the right exists and is created by California's statutory parole scheme and is subject to review under 28 U.S.C. § 2254. Hayward v. Marshall, 603 F.3d 546, 559, 561 (9th Cir. 2010) (en banc) (citing Bd. of Pardons v. Allen, 482 U.S. 369, 371, 107 S.Ct. 2415, 96 L. Ed.2d 303 (1987). On May 24, 2010, the Ninth Circuit further clarified its decision in Hayward, stating the following:
>
> Through its state statutory and constitutional law, California has created a parole system that independently requires the enforcement of certain procedural and substantive rights, including the right to parole absent 'some evidence' of current dangerousness. Hayward, slip op. at 6327-30 (discussing, inter alia, In re Lawrence, 190 F.3d 535 (Cal. 2008); In re Shaputis, 190 F.3d 573 (Cal. 2008); and In re Rosenkrantz, 59 F.3d 174 (Cal. 2002). California law gives rise to a liberty interest on the part of its prisoners covered by its parole system. Having guaranteed the prisoners of the state that they will not be denied a parole release date absent 'some evidence' of current dangerousness, California is not permitted under the federal Constitution arbitrarily to disregard the 'some evidence' requirement in any particular case. It is therefore our obligation, as we held in Hayward, to review the merits of a federal habeas petition brought by a California prisoner who asserts that the decision to deny him parole was not supported by 'some evidence' of his current dangerousness. Under AEDPA, this means that we review 'whether the California judicial decision approving the governor's [or parole board's] decision rejecting parole was an 'unreasonable application' of the California 'some

> evidence' requirement, or was 'based on an unreasonable determination of the facts in light of the evidence.'" Hayward, slip op. at 6330 (quoting 28 U.S.C. § 2254(d)(1)-(2)).
>
> Pearson v. Muntz, No. 08-55728, 2010 WL 2108964 *4 (9th Cir. May 24, 2010) (per curiam) (footnote omitted); see also Cooke v. Solis, No. 06-15444, 2010 WL 2330283 *6 (9th Cir. June 4, 2010) (acknowledging that in Hayward v. Marshall, it was "held that due process challenges to California courts' application of the 'some evidence' requirement are cognizable on federal habeas review under AEDPA.")
>
> Thus, a plain reading of Hayward, and its progeny, directly contradicts Respondent's argument set forth in the motion to dismiss, and the Court finds the motion to be borderline frivolous and subject to future sanctions under Rule 11. Therefore, based on the clear and current Ninth Circuit authority that completely negates Respondent's argument, the instant motion to dismiss the petition for failure to state a cognizable claim should be denied.

Fucci v. Clark, 2010 WL 2650664, at *1-2 (fn. omitted).

This reasoning is equally applicable to respondent's arguments herein that petitioner has failed to state a federally cognizable claim for habeas relief, requiring both that the motion be denied and that respondent be required to fully answer the petition. The undersigned further agrees that respondent's duplicative motion is "borderline frivolous," requiring the repeated attention and time of the court despite the extensive number of habeas petitions in this district awaiting decision on the merits.

IV.  Conclusion

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The Clerk of Court is directed to randomly assign a district judge to this matter and

IT IS RECOMMENDED that:

1. Respondent's motion to dismiss the instant petition for failure to state a cognizable federal claim (Dkt. No. 6), be denied;

2. Respondent be directed to file an answer to the petition within thirty (30) days after entry of an order adopting these findings and recommendations; and

3. Petitioner be permitted to file a reply within thirty (30) days after respondent files an answer.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 8, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

cox0793.hc.mtd