IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ERNEST COX,

    Petitioner,    No. 2:10-cv-00793 GEB KJN P

  vs.

G. SWARTHOUT,    ORDER and

    Respondent.    AMENDED FINDINGS AND RECOMMENDATIONS

_____/

    On November 10, 2010, this court issued an Order and Findings and Recommendations, recommending that respondent's motion to dismiss petitioner's application for a writ of habeas corpus be denied, and directing respondent to file an answer to the petition. (Dkt. No. 10.) In light of the Supreme Court's recent decision in Swarthout v. Cooke, 562 U.S. ___ (2011), No. 10-333, 2011 WL 197627 (Jan. 24, 2011), the undersigned vacates that Order and Findings and Recommendations, and issues the instant Order and Amended Findings and Recommendations.

    Petitioner is a state prisoner proceeding without counsel with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner claims that his federal constitutional right to due process was violated by a 2008 decision of the California Board of

////

Parole Hearings (hereafter "the Board") to deny him a parole date.[1]

The Due Process Clause of the Fourteenth Amendment prohibits state action that deprives a person of life, liberty, or property without due process of law. A litigant alleging a due process violation must first demonstrate that he was deprived of a liberty or property interest protected by the Due Process Clause and then show that the procedures attendant upon the deprivation were not constitutionally sufficient. Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 459-60 (1989).

A protected liberty interest may arise from either the Due Process Clause of the United States Constitution "by reason of guarantees implicit in the word 'liberty,'" or from "an expectation or interest created by state laws or policies." Wilkinson v. Austin, 545 U.S. 209, 221 (2005) (citations omitted). The United States Constitution does not, of its own force, create a protected liberty interest in a parole date, even one that has been set. Jago v. Van Curen, 454 U.S. 14, 17-21 (1981); Greenholtz v. Inmates of Neb. Penal, 442 U.S. 1, 7 (1979) (There is "no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."). However, "a state's statutory scheme, if it uses mandatory language, 'creates a presumption that parole release will be granted' when or unless certain designated findings are made, and thereby gives rise to a constitutional liberty interest." Greenholtz, 442 U.S. at 12; see also Board of Pardons v. Allen, 482 U.S. 369, 376-78 (1987) (a state's use of mandatory language ("shall") creates a presumption that parole release will be granted when the designated findings are made.).

---

[1] Petitioner also contends that the Board has failed to fulfill the legislative intent of California Penal Code section 3041 (setting forth the purpose and procedures of the Board). However, this claim is not cognizable herein because federal habeas corpus relief is available under 28 U.S.C. § 2254 only on the basis of an alleged transgression of federal law binding on the state courts. Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985). See also Estelle v. Mcguire, 502 U.S. 62, 67-68 (1991) ("it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"); Pulley v. Harris, 465 U.S. 37, 41 (1984) ("A federal court may not issue the writ on the basis of a perceived error of state law."); Milton v. Wainwright, 407 U.S. 371, 377 (1972) ("the federal courts do not sit to re-try state cases de novo but, rather, to review for violation of federal constitutional standards.").

California's parole statutes give rise to a liberty interest in parole protected by the federal due process clause. Swarthout v. Cooke, 562 U.S. ___ (2011), No. 10-333, 2011 WL 197627, at *2 (Jan. 24, 2011). In California, a prisoner is entitled to release on parole unless there is "some evidence" of his or her current dangerousness. In re Lawrence, 44 Cal.4th 1181, 1205-06, 1210 (2008); In re Rosenkrantz, 29 Cal.4th 616, 651-53 (2002). However, in Swarthout the United States Supreme Court held that "[n]o opinion of [theirs] supports converting California's 'some evidence' rule into a substantive federal requirement." Swarthout, 2011 WL 197627, at *3. In other words, the Court specifically rejected the notion that there can be a valid claim under the Fourteenth Amendment for insufficiency of evidence presented at a parole proceeding. Id. at *3. Rather, the protection afforded by the federal due process clause to California parole decisions consists solely of the "minimal" procedural requirements set forth in Greenholtz, specifically "an opportunity to be heard and . . . a statement of the reasons why parole was denied." Swarthout, at *2-3.

Here, the record reflects that petitioner was present, with counsel, at the December 23, 2008 parole hearing, that he participated in the hearing, and that he was provided with the reasons for the Board's decision to deny parole. (Dkt. No. 1 at 55-142.) According to the United States Supreme Court, the federal due process clause requires no more.

Petitioner further contends that, to the extent the Board relied on immutable characteristics of petitioner's crime to deny him parole, such action "constitutes an equal protection and/or due process violation under the Fourteenth Amendment." (Dkt. No. 1, at 26.) Petitioner's development of this contention rests on his due process argument, addressed above, and fails to state a cognizable equal protection claim, because petitioner does not allege that he was treated differently from other similarly situated prisoners (here, prisoners subject to indeterminate sentences based on a murder conviction). See e.g. McGinnis v. Royster, 410 U.S. 263, 269-70 (1973) (a petitioner raising an equal protection claim in the parole context must demonstrate both that he was treated differently from other similarly situated prisoners and that

the Board lacked a rational basis for its disparate treatment).

For these reasons, IT IS HEREBY ORDERED that this court's Order and Findings and Recommendations, filed November 10, 2010 (Dkt. No. 10), is vacated.

Further, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (Dkt. No. 6) be granted; and

2. Petitioner's application for a writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3).  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 4, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

cox0793.157